**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

2013 NOV 27 AM 1: 04

CLERK OF COURT

BY____

CHAMORRO EQUITIES, INC.,

          Plaintiff,

    vs.

VIVIAN McCURDY, LISA ULLOA, and
FEDRICK ULLOA,

          Defendants.

_____

VIVIAN McCURDY, WALTER D. ULLOA,
And JUDITH E. OLIVER,

          Counterclaim Plaintiffs,

v.

CHAMORRO EQUITIES, INC., ROBERT V.
ULLOA, GERALD D. HARTIWICK,
KENNETH E. THOMPSON, PRISCILLA U.
HARTWICK, and DOES 1-10,

          Counterclaim Defendants.

_____

Civil Case no. CV0408-13

**DECISION AND ORDER**

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendants and Counter Claim Plaintiffs' (hereafter Movants) Motion to Disqualify and Motion to Amend were taken under advisement on October 4, 2013. Movants were represented by attorney Carlos L. Taitano. Counterclaim Defendants were represented by attorney Bill R. Mann. Having received and reviewed the arguments, papers, and file herein, the Court now issues the following motion DENYING Movants' request and GRANTING their motion to amend pleadings.

## BACKGROUND

This case arises out of Plaintiff Chamorro Equities, Inc.'s March 29, 2013 Complaint for an accounting and voiding of several loan agreements executed between Plaintiff and its officers and directors: Vivian McCurdy, Lisa Ulloa, and Frederick Ulloa. Additionally this matter also includes Counterclaim Plaintiffs' and Counterclaim Defendants' First Amended Counterclaim filed May 3, 2013. The Counterclaim includes the following six counts: 1) Books and Records Inspection as to Walter and Judith Ulloa; 2) Books and Records Inspection as to Vivian; 3) Compelling Declaration and Payment of Cash Distribution or Dividend; 4) Removal of Directors and Officers; 5) Oppression of Minority Stockholders; and 6) Reimbursement of Legal Expenses Under Common Fund or Substantial Benefit Doctrines.

**Motion to Amend**

On July 31, 2013, Movants filed a Motion to Amend Pleadings and Serve Supplemental Pleading. It requests that Movants be given permission to amend their pleading. Specifically they request that they be allowed to include counts for transactions, occurrences, or events that have happened since their first amended pleading and that they be allowed to add Lisa Ulloa and Fredrick Ulloa as counterclaim plaintiffs and substitute Sheila M. Manaloto for Defendant, Doe I.

On August 28, 2013, Plaintiff and Counterclaim Defendant Chamorro Equities, Inc. and Counterclaim Defendants filed papers indicating their non-opposition to Movants request to amend pleadings.

**Motion to Disqualify**

On July 31, 2013, Movants filed a Motion to Disqualify Berman, O'Connor & Mann Law Firm as Legal Counsel. In support of their request they assert that each of the individual Counterclaim Defendants and Plaintiffs are stockholders of Chamorro Equities, Inc.

Accordingly they argue that the law firm has or will have irreconcilable conflicts of interest by simultaneously representing the corporation and those individuals who were and are, its directors officers; they being accused of acts of wrongdoing within their duties and under advice alleged given them by the same firm. In further support of their argument, Movants assert that the lawyers of the Berman, O'Connor & Mann firm may be called to testify at trial.

Counterclaim Defendants filed their opposition on August 28, 2013. In their papers they concede that modern cases have adopted a *per se* rule against dual representation in stockholder derivative actions. Accordingly they indicate that the corporation will retain separate legal counsel. However they assert that Movants derivative counterclaims are without merit and that the majority of Movants' counterclaims are not derivative.

On August 28, 2013, the law firm Berman, O'Connor & Mann filed a withdrawal of appearance for Chamorro Equities, Inc. and the law firm of Maher & Thompson, P.C. filed its appearance for the same.

Movants filed their reply on September 11, 2013. In it Movants reassert their request that Berman, O'Connor & Mann be disqualified from representing all of the Counterclaim Defendants. Movant cite to Rules 1.9(a) of the Guam Rules of Professional Conduct and the unobtainability of consent from the corporation. In support of their request Movants argue that it is likely that the lawyers from the Berman firm are necessary witnesses to their allegation of an improper transfer between the corporation and the Berman firm. Movants also argue that the Berman firm lawyer witnesses are also necessary to establish that the Corporation's, its directors' and officers' defenses of reliance upon the legal advice.

Movants also assert that the law firm Maher & Thompson, P.C. was not hired by Chamorro Equities, Inc.'s board of directors and argue that they should not have entered an appearance on its behalf. Movants make no request as to this assertion.

## DISCUSSION

Rule 1.9(a) provides,

> A lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Guam R. Prof'l Conduct 9.1(a). Paragraph 20 of the Preamble to the Guam Rules of Professional Conduct provides in part that,

> . . . the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.

*Id.* at Preamble ¶ 20.

In 2002 the Guam Supreme Court analyzed Rule 1.9. *Guerrero v. Moylan*, 2002 Guam 18 ¶ 49. It explained that while Rules 1.7 and 1.9 of the Guam Rules of Professional Responsibility, "both address an attorney's conflict of interest, and prohibit an attorney from representing a client whose interests are adverse to the interests of another former or current client. . . . . this court may question whether [Movant] has standing to assert a conflict of interest and disqualify opposing counsel." *Id.* Additionally, the Court explained that a finding of a materially adverse interest must be supported by a showing of prejudice. *Id.* at ¶ 51. The *Moylan* Court also explained that, when applied to multiple attorney entity, the entire entity must have been compromised. *Id.*

In this case Movants do not discuss or analyze any facts upon which a finding of their standing maybe supported. Mot. at 1-14. They assert their status as stockholders in Chamorro Equities, Inc., however, they do not explain how or whether their counterclaims are derivative. *Id.* In a derivative action, Rule 23.1 of the Guam Rules of Civil Procedure requires that a

derivative complaint allege with particularity: 1) that the person is a partner; 2) that the person was a partner at the time of the alleged injurious behavior; 3) the person's efforts/demand to obtain the relief sought from the managing partner or their communications with the other partners; 4) that the person represents fairly and adequately the interests of the partners; 5) the person's reasons for failing to make a pre-suit demand; and 6) that the facts of the complaint are verified. Guam R. Civ. P. 23.1.

Movants further fail to assert any facts to support any finding of prejudice or the complete compromise of the Berman, O'Connor & Mann law firm. After reviewing the file and papers herein, the Court is unable to support a finding requiring the complete disqualification of Berman, O'Connor & Mann.

## CONCLUSION

For the above reasons Movants' motion to disqualify is DENIED. There being no opposition to Movants' motion to amend pleadings, it is hereby GRANTED.

SO ORDERED, this __25__ day of __November__, 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 25 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam